Parker C. J.
This action can be maintained only upon a promise of the defendants jointly made, or made by one for both with authority either express or implied. Their connexion in business as attorneys did not give one a right tc bind the other in a contract like this, though it may be a circumstance from which, with other circumstances, it may be inferred that Thomas A. Gold intended to act for both in the transaction. The evidence is, that Thomas A. Gold said he would do as he had before promised, that is, would indemnify the plaintiff if he would make the arrest and commit to prison. Thomas Gold was not then present, but still, as the transaction related to a suit of which he had the care, as well as his son, it is not unreasonable to suppose he had confided the management of the execution to his son, and would be content with his proceedings. It therefore seems to be a proper case for the application of the principle of ratification, which must always be founded upon some assumed authority, and which, if satisfactorily proved, has a retro-active effect and operates upon the transaction from the beginning, to the same extent as if the authority had been originally communicated.[1]
The question is therefore, whether competent evidence was submitted to the jury to prove that Thomas Gold assented to and ratified the promise made by Thomas A. Gold, as a promise made for and on behalf of the partners. The jury have found the fact, and the objection to the verdict is, not that it is against the evidence, but that the evidence on which they acted was improperly allowed to go to them. It was certainly proper for the plaintiff to prove that the two defendants were connected together in business, and were iointly interested in the bill of costs on the execution on which the arrest was made; not to show a promise of the *308 two, but for the purpose of showing a reason and motive in Thomas Gold to ratify the promise of his son.
The conversation which is reported to have taken place at the time when propositions for a compromise were under discussion, was objected to on the ground, that having reference to the proposed compromise, they ought for that cause ’o be rejected. It does not appear from the authorities, that when parties are treating about a compromise, admissions of particular facts are not to be received in evidence. The general proposition stated in the books is, that an offer to pay money by way of compromise, and to get rid of an action, is not evidence of a debt; if the object be to buy peace, it is plain such an offer carries with it no evidence of the justice of the demand, and it would have a tendency to prevent amicable adjustments, if such offers were to be used' against the party making them. But the admission of particular items of account, or the confession of particular facts, independent of an offer to pay, does not bear the same character.[1] Bull. N. P. 236; Slack v. Buchanan, Peake’s R. 6 ; Waldridge v. Kennison, 1 Esp. R. 143. The conversation proved was of this latter description ; it was not an offer to settle or pay, but a declaration by T. Gold, that he had not charged the plaintiff in this action any costs or fees for defending him in the action of false imprisonment brought against him by the party arrested. What bearing this declaration had on the minds of the jury we are not capable of knowing, but we do not see ,that the admission of it in evidence is a sufficient ground for setting aside the verdict.
The objections which rest upon a supposed want of evidence of the promise, or upon the illegality of the consideration proved, we think are not maintained. An officer called upon to serve a-precept either by attaching property or arresting the person, if there be any reasonable grounds to doubt his authority to act in the particular case, has a right to ask for an indemnity. He is not obliged to serve process in civil actions at his own peril, when the plaintiff *309 m the suit is present and may take the responsibility upon himself. And it has been decided, that the sheriff has a right to require indemnity of the creditor, when he shall be direeled to attach chattels, the property in which may be questionable. Marshall v. Hosmer, 4 Mass. R. 63. The same right exists when the sheriff shall be directed to arrest the body of any one, and he has reasonable doubts of the identity of the person.
There can be no reason why the same principle should not apply where there may be doubts of the lawfulness of arrest on other grounds. The cases cited to show the illegality of the consideration of this promise, show satisfactorily that a contract entered into with an officer to indemnify him against the consequences of a breach of official duty is void ; but it is no breach of official duty for an officer to hesitate to serve civil process, where his proceedings may make him a trespasser, until he shall have security of indemnification from the creditor. Actions have frequently been maintained upon such contracts, and they are neither immoral, unjust, nor illegal, in any respect.[1]
We see therefore, upon the whole, no reason for setting aside this verdict upon any of the grounds before stated; and as to the point taken, that the consideration of the promise was past, and therefore could not support a promise, it is a sufficient answer, that the ratification is equal to an original promise, and when the promise was originally made by T. A. Gold, the consideration was not past, but was executory. -
A motion for delay of judgment has been interposed, in order that the plaintiff in this case might be compelled to petition for a new trial of the action of Leland against him, on account of certain alleged errors in the trial of that case. If this motion had been seasonably made, and it had been made to appear that any error essential to the cause had existed, it would be but reasonable that the present plaintiff should be restrained of his judgment in the present action, until he should take the means in his power to have the other *310 judgment reversed. But, at the time of the filing of this motion, three years from the rendition of the judgment in Leland v. Marsh had elapsed, so that a petition for a new trial could not be sustained.
It is proper however to remark, that it is by no means certain that a new trial would have been granted had a petition therefor been filed -in season. The decision in that action went upon the assumed ground, that no demand had been made of the officers of the corporation, on the execution upon which Leland was arrested. It was argued upon that ground and decided upon it. It is remarkable that such a state of facts should have been admitted or consented to, if, as now alleged, the return of the officer showed that the requisite demand had been made. There was full opportunity to have obtained correction of the report of the judge before the case was decided. And as to the other supposed error, to wit, that the sale of his shares by Leland was fraudulent, no point was made of it at the trial, and it was not until after the decision of this point in another action tried in another county, that this has been made a ground of complaint.
On the whole view of the case, therefore, we think judgment must be entered upon the verdict.

 See Cady v. Shepherd, 11 Pick. 400; 3 Stark. Ev. (4th Amer. ed.) 1074, n. (d).

 S. P. Gerrish v. Sweetser, 4 Pick. 377 ; Hosmer C. J. in Hartford B. Company v. Granger, 4 Conn. R. 148 ; Fuller v. Hampton, 5 Conn. R. 417 ; Delogny v. Kentoul, 2 Martin’s (Louis.) R. 175

 Train v. Gold, 5 Pick. 380.